UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MX. JOSEPH "JOYBEAR" LEE PH.D.,

                              Plaintiff,

                    -against-

DANIEL WERNER; JULIANNA
MCCORKLE; CITY OF MALDEN; MALDEN
POLICE DEPARTMENT; OFFICER GEORGE
MACKAY #252; KEVIN J. RUSSELL #338;
SGT. T. HEADLY #239; OFC. CHALMERS
#354,

                              Defendants.

26-CV-0230 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On January 16, 2026, the Court transferred this action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a). (ECF No. 12.) On January 20, 2026, Plaintiff filed a letter styled as an "Objection" challenging the January 16, 2026 transfer order. (ECF No. 13.) Also on January 20, 2026, Petitioner filed two other letters, one of which he addressed to the Clerk of Court in which he appears to express an intent to bring additional claims against Defendants in this action (ECF No. 14), and the second of which appears to be nearly identical to other letters that he has filed in this action in which he makes arguments that this Court is a superior venue. (ECF No. 15; *cf.* ECF Nos. 6, 11.)

The Court liberally construes these submissions as a motion for reconsideration under Local Civil Rule 6.3 and as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the

enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)).

After reviewing the arguments in Plaintiff's submission, the Court denies the motion.[1]

## DISCUSSION

**A.      Motion for Reconsideration under Local Civil Rule 6.3**

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

In his motion, Plaintiff asserts that he "submitted updated information of inter-state conspiracy charges that include the New York State Police." (ECF No. 13, at 1.) He adds: "The cover letter and supplemental memorandum contain my account of police brutality from the New

---

[1] The transfer of an action generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to seek review of the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995). In this action, Plaintiff sought reconsideration of the transfer order before the transferee court received the action's papers and files. This Court therefore has jurisdiction to address Plaintiff's motion on the merits.

York State Police as well as pedophilia from my New York birth family." (*Id*.) He asks that the Court "reassess with this new information." (*Id*.) He also appears to allege seditious conspiracy and sex trafficking claims, although he does not provide any factual allegations. (ECF No. 14, at 1-2.)

Plaintiff has failed to show that the Court overlooked any controlling decisions or factual matters with respect to the transferred action. As an initial matter, the Court was aware of the "updated information" at the time that it issued its January 16, 2026 transfer order and, therefore, did not overlook it.

On the merits, Plaintiff's prior submissions (ECF Nos. 5-6, 8-11) neither showed an intent to name the New York State Police or any of its employees as a defendant in this action nor suggested that any of the operative events happened in the State of New York. The complaint asserts that police officers in Massachusetts used excessive force against Plaintiff in Massachusetts, and that Massachusetts-based attorneys committed malpractice while they were in Massachusetts, in violation of Massachusetts law. Nothing in Plaintiff's submissions suggests otherwise.

The Court therefore denies Plaintiff's motion for reconsideration under Local Rule Civil 6.3.

**B.      Motion for Relief under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, any relief sought under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore also denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's letter styled as an "Objection" (ECF No. 13), in which he challenges the January 16, 2026 transfer order, and his subsequent letters (ECF No. 14-15), as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

The Court denies those motions and directs the Clerk of Court to terminate all motions in this action.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 27, 2026
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge